Vivaldi & Arbona, Appellants, *v.* Registrar of Property of Mayagüez, Respondent.

No. 672. Submitted February 21, 1927.—Decided April 6, 1927.

*Benet & Souffront* for the petitioner. The registrar appeared by brief.

Mr. Justice Franco Soto delivered the opinion of the court.

Antonio Soler y Aymat as attorney in fact of Francisca Matas and her children Santiago, Dolores and Emilia Ferrer y Matas, sold to the firm of Vivaldi & Arbona the one-fifth undivided interests respectively held by the principals in a certain property situated in Mayagüez.

The registrar denied the record on the following grounds:

"First: Because, as it apears from the registry that the full usufruct is recorded in favor of the said Francisca Matas y Bernaset, who acquired it from her husband and predecessor in interest as a legacy for her natural life if she remained a widow, the attorney in fact - representing her and the other vendors cannot convey the absolute ownership of undivided shares in said property for the reason that he does not possess express powers from his principals conferred by the aforesaid power of attorney as to the usufructuary interest of the former and the bare ownership of herself and her children. While it is expressly stated in the deed that it shall be understood that any usufructuary interest corresponding to Mrs. Matas y Bernaset or any interest in any way corresponding to the vendors, is transferred, sold and conveyed to the purchaser, any statement of the said attorney *sua sponte* does not cure the defect because he lacks the express powers already mentioned and does not bind his principals.

"Second: Because such interests, in order to be conveyed, must be specially recorded in the name of the said vendors, and this does not appear from the registry, while the only record in their favor is of an undivided interest of one-fifth in said property held by each of them by testate inheritance, which is opposed to the usufructuary

interest mentioned. This is an obstacle coming from the registry which prevents the record in question.''

We agree that the record does not correspond to the testament made by the predecessor in interest. While on the one hand the registrar admits that the record has brought about a condition in the registry which can not be changed without a judicial declaration, on the other hand he alleges that, as the record is wrong because they recorded the full ownership in favor of the principals while the record should have been of the naked ownership in favor of the predecessor's children and of the usufruct in favor of the widow, he comes to the conclusion that mention is made of such usufruct and as that no mention at all thereof is made in the power of attorney, the latter is insufficient.

Without going into an examination of the previous record in favor of the principals, we must say that the clause in the power of attorney authorizing the attorney in fact absolutely to sell the property is sufficient to include every right, title or interest held therein by the widow Francisca Matas. She conferred power to sell absolutely and it is clear that her authorization referring to her full interest included both the usufruct and the naked ownership of the property, which are attributes of the full ownership. Even if those attributes should appear, as alleged by the registrar, distributed, the former in favor of the widow and the latter in favor of the children, they all appear in the power of attorney and confer such power for selling the whole property.

Therefore, the decision appealed from must be reversed and the record ordered.